**RECORD NO. 14-4900**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CARLOS ADRIAN OLEA AVILA,
a/k/a Eric Santiago Roman, a/k/a Carlos Olea Avila,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

**OPENING BRIEF OF APPELLANT
CARLOS ADRIAN OLEA AVILA**

Leslie Carter Rawls
ATTORNEY AT LAW
Post Office Box 38325
Charlotte, NC 28278
(704) 583-1279
leslierawls@carolina.rr.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Table of Authorities ................................................................................................. ii

Jurisdictional Statement ...........................................................................................1

    I.       Basis for District Court Jurisdiction ..........................................................1

    II.      Basis for Appellate Court Jurisdiction.......................................................1

    III.     Filing Dates for Appellate Timeline ..........................................................1

    IV.     Appeal from final judgment.......................................................................1

Issue Presented For Review .....................................................................................2

Statement of the Case................................................................................................2

Summary of the Argument........................................................................................3

Argument...................................................................................................................4

    I.       Did the trial court commit procedural error when it failed to consider the relevant statutory factors or conduct an individualized assessment of the facts to support the chosen sentence?.........................................................4

           Standard of Review ...................................................................................4

           Argument ...................................................................................................4

Conclusion ................................................................................................................8

Certificate Of Compliance ........................................................................................9

Certificate of Service ..............................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.E.2d 445 (2007) ..............4

*James v. Jacobson,* 6 F.3d 233 (4th Cir. 1993)...................................................................7

*United States v. Allen,* 491 F.3d 178 (4th Cir. 2007)......................................................4

*United States v. Boulware*, 604 F.3d 832 (4th Cir. 2010)............................................4

*United States v. Carter,* 564 F.3d 325 (4th Cir. 2009) ...................................................5

*United States v. Hernandez,* 603 F.3d 267 (4th Cir. 2010)...........................................7

*United States v. Johnson,* 445 F.3d. 339 (4th Cir. 2006)......................................... 5-6

*United States v. Montes-Pineda,* 445 F.3d 375 (4th Cir. 2006)..................................4

**Federal Statutes**

8 U.S.C. § 1326................................................................................................................1, 2

18 U.S.C. § 3231 ..................................................................................................................1

18 U.S.C. § 3553 ................................................................................................... 4, 5, 6, 7

28 U.S.C. § 1291 ..................................................................................................................1

**Federal Rules**

Fed. R. App. P. 4 ..................................................................................................................1

# JURISDICTIONAL STATEMENT

## I. Basis for District Court Jurisdiction

Mr. Avila was charged with and pleaded guilty to illegal reentry into the United States by an Aggravated Felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (JA 6–7, 19–53, and 65–70) The District Court had original jurisdiction pursuant to 18 U.S.C. § 3231.

## II. Basis for Appellate Court Jurisdiction

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## III. Filing Dates for Appellate Timeline

The District Court's judgment was entered by filing on 29 November 2014 (JA 65) Through counsel, Mr. Avila filed notice of appeal on 1 December 2014 (JA 71) The appeal was timely filed pursuant to Fed. R. App. P. 4(b)(1).

## IV. Appeal from final judgment

The judgment and sentence constitute a final judgment in a criminal matter. 28 U.S.C. § 1291 and Fed. R. App. P. 4(b)(6).

## ISSUE PRESENTED FOR REVIEW

Did the trial court commit procedural error when it failed to consider the relevant statutory factors or conduct an individualized assessment of the facts to support the chosen sentence?

## STATEMENT OF THE CASE

This brief addresses only a procedural issue. The substantive offense facts were not disputed and are not relevant to the issue presented. Therefore, this Statement presents primarily procedural facts relevant to the issue.

On 28 April 2014, the Grand Jury in the Middle District of North Carolina returned an indictment against Carlos Adrian Olea Avila. The indictment charged that Mr. Avila was an alien who had been deported twice after being convicted of an aggravated felony and that he was found in Concord, North Carolina without having obtained required consent to reenter the United States. The charged conduct violated 8 U.S.C. §§ 1326(a) and (b)(2). (JA 6–7)

On 5 June 2015, Mr. Avila entered a plea agreement and pleaded guilty as charged before the Honorable N. Carlton Tilley, Jr., District Court Judge. (JA 12–53) He appeared before Judge Tilley for sentencing on 9 October 2014. (JA 54) Defense counsel moved for a downward variance from the guidelines sentencing

range. The Government opposed the variance. (JA 56–59) Judge Tilley denied the variance request. (JA 60)

Without objection, Judge Tilley adopted the presentence report calculations, finding the total offense level was 21 and criminal history category was V. (JA 55–56 and 73–89) The resulting advisory guideline range was 70 to 87 months with one to three years supervised release, a fine range of $7,500 to $75,000, and a $100 special assessment. (JA 56)

Judge Tilley sentenced Mr. Avila to 70 months incarceration followed by three years of supervised release with standard provisions and a prohibition against Mr. Avila's reentering the United States without permission. Judge Tilley ordered no fine, finding a fine would work an undue hardship. He directed the $100 special assessment to be paid through the Bureau of Prisons. (JA 60–61) The judgment was entered by filing on 28 November 2014. (JA 65–70)

## SUMMARY OF THE ARGUMENT

In sentencing a defendant, the trial court must consider the factors in 18 U.S.C. § 3553 and select a sentenced based on an individualized assessment of the facts of the case. The court must also adequately explain the chosen sentence on the record to allow for meaningful appellate review and promote the perception of fair sentencing. Failure to engage in these steps is procedural error. In sentencing Mr. Avila, the trial court failed to consider the statutory factors, state a specific,

- 3 -

particularized basis for the chosen sentence, or engage in an individualized assessment. The failures constitute procedural error and Mr. Avila's sentence must be vacated.

## ARGUMENT

**I. Did the trial court commit procedural error when it failed to consider the relevant statutory factors or conduct an individualized assessment of the facts to support the chosen sentence?**

**Standard of Review**

Sentencing error is reviewed for abuse of discretion. *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.E.2d 445 (2007)

**Argument**

Appellate review of a sentence requires two steps. First, this Court must determine whether there was any significant procedural error, such as the trial court's incorrectly calculating the advisory guidelines range, failing to consider 18 U.S.C. § 3553(a), or failing to adequately explain the sentence. *United States v. Boulware*, 604 F.3d 832, 837–38 (4th Cir. 2010) The Court then determines whether the sentence is substantively reasonable, considering the totality of the circumstances. *Gall,* 552 U.S. at 51. A properly calculated guidelines range sentence is presumed reasonable on appeal. *United States v. Allen,* 491 F.3d 178, 193 (4th Cir. 2007). The presumption is rebuttable upon a showing "that the sentence is unreasonable when

- 4 -

measured against the § 3553(a) factors." *United States v. Montes-Pineda,* 445 F.3d 375, 379 (4th Cir. 2006) In the present case, both parties agreed with the guidelines calculations and the trial court gave the attorneys an opportunity to argue. (JA 55–60) The court did not, however, consider the § 3553 factors and conduct an individualized assessment as required. *Id.*

This Court considered similar facts in *United States v. Carter,* 564 F.3d 325 (4th Cir. 2009). The Court vacated Carter's sentence and remanded, because the district court failed to state any particularized basis to support its chosen sentence. Therefore, this Court held that it "cannot uphold the sentence as procedurally reasonable or determine its substantive reasonableness." *Id.,* 564 F.3d at 326 (2009). As in *Carter,* the trial court here failed to state any particularized basis for the sentence imposed and Mr. Avila's sentence should be vacated. This Court's holding in *Carter,* is relevant here, because the record does not show an individualized assessment. In *Carter,* this Court said:

> Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an "individualized assessment" based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit "meaningful appellate review." Because the record here does not demonstrate that the district court conducted such an assessment and so does not reveal why the district court deemed the sentence it imposed appropriate, we cannot hold the sentence procedurally reasonable.

*Carter*, *supra,* 564 F.3d at 330 (4th Cir. 2009) (Internal citations and footnotes omitted.)

The trial court is required to consider the statutory factors, although it need not "robotically tick through § 3553(a)' every subsection." *United States v. Johnson,* 445 F.3d. 339, 345 (4th Cir. 2006). Nevertheless, the statute requires consideration of the factors and an individualized assessment. In this case, the trial court noted that Mr. Avila could have changed his conduct after his first conviction and deportation — facts that were the basis for the offense for which he was being sentenced, reentry after deportation. Otherwise, the judge's sentencing comments did not consider the statutory factors or constitute the required individualized assessment. The judge's entire sentencing comments were:

> THE COURT: Thank you. I am in agreement with Ms. Hairston's perspective with regard to how the counted criminal history points, [sic] as well as the reason for the aggravated felony existing, and will not vary downward, Mr. McCoppin, for that reason. I am in agreement as well with the recommendation of the guidelines for a sentence at the low end of that advisory range, which is 70 months.
>
> Everyone does have a right to change their life. What happens here regardless of what it is, has nothing to do with the person's decision and right to change whatever it is they do. You had the opportunity to change any decision you would make after you were convicted in Federal District Court in Arizona about returning to the United States.
>
> You know, I am blessed every day, we all are in this courtroom, to have the right to be in the United States, either by birth or through naturalization. Often we don't understand just how important that is. We often take that for granted and don't appreciate it properly, but that doesn't mean that I can change the law or bend the law with regard to what it is for people returning as you have, now more than

- 6 -

> once when you're not lawfully entitled to, without getting the appropriate permission from immigration officials.
>
> The 70 months will be followed by a three year period of supervised release, with the following special condition, in addition to the standard conditions, that you not re-enter the United States during that period without first getting permission from the immigration officials. That would be either the Secretary of Homeland Security or the Attorney General of the United States.
>
> It is determined that a fine would work an undue hardship. There will be no fine. The hundred dollars special assessment may be paid through the financial responsibility unit of the facility — the prison facility where you are designated to serve your time.

JA 60–61

The present case is distinguishable from *United States v. Hernandez,* 603 F.3d 267 (4th Cir. 2010). Like Mr. Avila, Hernandez received a guideline range sentence. Unlike the present case, however, the district court in *Hernandez* stated on the record that it had considered the statutory factors and concluded a guidelines sentence accomplished the purposes of the statute. *Id.,* 603 F.3d at 272 (4th Cir. 2010). Moreover, the trial court in *Hernandez* imposed the sentence requested by the defendant. In affirming Hernandez's sentence, this court held the trial court's explanation for Hernandez's sentence was adequate. Here, in contrast, the trial court made no reference to § 3553 (a), discussed none of statutory factors, and gave no explanation of the factors it considered in sentencing Mr. Avila.

- 7 -

A trial court abuses its discretion when it fails adequately to take into account factors constraining its discretion or bases its exercise of discretion on an erroneous factual or legal premise. *James v. Jacobson,* 6 F.3d 233, 239 (4th Cir. 1993). In this matter, the record does not show the trial court considered any of the requisite statutory factors constraining its sentencing discretion. It also failed to consider the requisite individualized assessment. Thus, the record shows that the trial court failed to adequately consider factors constraining its decision. *Id.* Therefore, the trial court abused its discretion in sentencing Mr. Avila.

## CONCLUSION

Mr. Avila respectfully prays this Court:

1.  Hold the trial court erred when it sentenced Mr. Avila without considering the § 3553 factors, conducting an individualized assessment, or stating the particularized basis for its choice of sentence, and

2.  Vacate Mr. Avila's sentence and remand for resentencing.

Respectfully submitted, this 26th day of January 2015.

*/s/ Leslie Carter Rawls*
Leslie Carter Rawls
Attorney at Law
N.C. State Bar #11066
P.O. Box 38325
Charlotte, NC 28278
704-583-1279

## CERTIFICATE OF COMPLIANCE

I.  This brief has been prepared using fourteen point, proportionally spaced typeface, specifically Microsoft Word 2010, Times New Roman, 14 point.

II. Exclusive of the table of contents, table of authorities; statement with respect to oral argument; any addendum containing statutes, rules or regulations; and the certificate of service, this brief of the appellant contains:

<u>8 </u>Pages

<u>1,752 </u>Words

I understand that a material misrepresentation can result in the Court's striking this brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line printout.

*/s/ Leslie Carter Rawls*
_____
Leslie Carter Rawls

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Appellant's Brief by on the Government by ECF service.

This 26th day of January 2015.

Robert Albert Jamison Lang,
Assistant U. S. Attorney
OFFICE OF THE UNITED STATES ATTORNEY
Suite 726
251 North Main Street
Winston-Salem, NC 27101-0000
Direct: 336-631-5268
Email: rob.lang@usdoj.gov

_____